129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
CENTRAL STATES, Southeast and Southwest Areas Pension Fund,
et al., Plaintiffs-Appellants,
v.
Navco and William L. CALDWELL, III, Defendants-Appellees.
 No. 97-2572.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1997.*
Decided Oct. 23, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 91 C 2624; John F. Grady, Judge.
 Before BAUER, COFFEY, and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Central States Pension Fund v. Navco, 3 F.3d 167 (7th Cir.1993), holds that the Central States, Southeast and Southwest Areas Pension Fund (the Teamsters Fund) had waited until after the expiration of the statute of limitations to commence this suit seeking unpaid pension contributions. More than four years later the case is back, this time on the Fund's appeal from an award of attorneys' fees to the defendants under 29 U.S.C. § 1132(g)(1).
 
 
 2
 A prevailing defendant in an action seeking pension contributions is entitled to recover its legal expenses unless the plaintiff's position was "substantially justified" or an unusual circumstance would make an award unjust. See Meredith v. Navistar International Transportation Corp., 935 F.2d 124, 128 (7th Cir.1991). The Fund's principal argument on appeal is that its claim was substantially justified. In support of this proposition, the Fund points to Machinists Pension Fund v. Kahle Engineering Corp., 43 F.3d 852 (3d Cir.1994), which disagreed with one aspect of our 1993 decision. See also Bay Area Laundry Fund v. Ferbar Corp., 73 F.3d 971 (9th Cir.1996), cert. granted, 117 S.Ct. 1690 (1997). There is, however, a fly in the ointment. The Issue on which the third circuit disagreed with us--and on which the Court granted certiorari in Ferbar--was never raised by the Teamsters Fund.
 
 
 3
 The issue is whether the period of limitations runs from each overdue installment (as Kahle held) or from some earlier time, such as the first missed payment (as we held) or the date of withdrawal from the plan (as Ferbar held). A second plan (the Independent Fund) calculated an installment plan for the employer to follow and argued that it had six years from each missed payment to commence suit; we disagreed and held that it had to file within six years of the first missed payment. 3 F.3d at 172-73. The Teamsters Fund made no such argument--perhaps because, as far as we can tell from this record, it never set an installment schedule. So the debatable legal question was not at issue in this case, and it is therefore not at all surprising that Judge Grady, who presided in the Teamsters Fund's case, required the Teamsters Fund to reimburse defendants' legal fees, while Judge Plunkett, who handled the Independent Fund's case, concluded that its position was substantially justified and that it therefore need not bear the defendants' legal fees. That a different legal strategy (perhaps on different facts) would have given the Teamsters Fund a substantial justification for suit does not assist the Fund; it must accept the consequences of the strategy it selected.
 
 
 4
 The Teamsters Fund's argument that equitable tolling supplied a substantial justification is likewise unavailing. Its brief asserts that the "district court's original opinion and order dismissing the Pension Fund's complaint appears to have concluded that there could never be any sort of equitable tolling", a proposition with which we later disagreed. Again the Teamsters Fund appears to have confessed its case with that of the Independent Fund. It was Judge Plunkett, not Judge Grady, who concluded that equitable tolling was impossible. The Teamsters Fund did not obtain a ruling on that issue from Judge Grady, because it did not argue in favor of equitable tolling--as Judge Grady pointedly remarked when dismissing its complaint. Once again, an argument not made cannot supply the "substantial justification" that avoids an award of attorneys' fees. Our opinion, moreover, concluded that neither Fund had been diligent by any standard; the issue would not have been "substantial" even had it been squarely presented.
 
 
 5
 Finally, the Teamsters Fund contends that an award would be inequitable because pension funds should use their resources to underwrite the promised pensions. This amounts to little more than disagreement with the legislative decision to implement a regime of fee shifting. No other unusual circumstances are present here. (The fact that the Independent Fund was not required to pay attorneys' fees is an outcome of its litigation strategy, not a "special circumstance" that relieves the Teamsters Fund of the consequences of its different conduct.) The district court's award was not an abuse of discretion, the standard of review under a statute of this kind. See Pierce v. Underwood, 487 U.S. 552 (1988). Moreover, when fees have been awarded in the district court on the authority of a fee-shifting statute, they are automatically shifted in the court of appeals too. Commissioner of INS v. Jean, 496 U.S. 154 (1990). Thus the case is remanded for the limited purpose of recomputing the award to cover the attorneys' fees defendants reasonably incurred in defending their award.
 
 AFFIRMED AND REMANDED
 
 
 *
 This successive appeal has been assigned to the original panel under Operating Procedure 6. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)